IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS KLINE | : | |
| **Plaintiff,** | : | CIVIL ACTION NO.: |
| | : | |
| **v.** | : | **JURY DEMAND** |
| | : | |
| CHILDREN'S HOSPITAL OF | : | |
| PHILADELPHIA | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT AND JURY DEMAND

I.  **INTRODUCTION**

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1.      This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2.      This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA") of 2008, and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to his compensation, terms, conditions and privileges of employment by the Defendant, based on his disability, and the Defendant's failure to provide him with reasonable accommodations.

## II.    JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331,

§1367 and Title 42 U.S.C. §12101, et seq., which provide for original jurisdiction of

Plaintiff's claim arising under the laws of the United States and over actions to recover

damages and to secure equitable and other relief under the appropriate governing

statutes.

4.      The supplemental Jurisdiction of this Court is invoked pursuant to 28

U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human

Relations Act, 43 P.S. §951, et seq. ("PHRA")

5.      The venue of this Court is invoked pursuant to the dictates of Title 28

U.S.C. §1391(c).

6.      All conditions precedent to the institution of this suit have been fulfilled.  A

Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity

Commission on April 1, 2025, and this action was commenced by the Plaintiff within

ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other

jurisdictional requirements to the maintenance of this action.

## III.    PARTIES

7.      Plaintiff, Nicholas Kline, is an individual and citizen of the Commonwealth

of Pennsylvania who resides therein at 1152 North Lee Street, Philadelphia,

Pennsylvania.

8.      Defendant, Children's Hospital of Philadelphia, was and is now a

corporation duly organized and existing under the laws of the Commonwealth of

Pennsylvania, with a place of business located at 3401 Civic Center

Philadelphia, Pennsylvania.

9.    At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10.    At all times material herein, Defendant has been a "person" and "employer" as defined under the ADA, the ADAA, and the PHRA, and is subject to the provisions of each Act.

## IV.    STATEMENT OF CLAIMS

11.    Plaintiff was employed by Defendant from July, 2022 until December 28, 2023, when he was terminated from his employment as a result of the unlawful employment practices complained of herein.

12.    During his employment with Defendant, Plaintiff held the position of Compliance Analyst and performed his job function in a dutiful and competent manner.

13.    Plaintiff suffers from Complex Post Traumatic Stress Disorder, and is therefore disabled within the meaning of the ADA, ADAA and PHRA, in that he is substantially limited in one or more major life activity, was regarded by Defendant as being disabled and/or had a record of impairment.

14.    Upon his return from a disability leave of absence in March, 2023, Plaintiff requested reasonable accommodations for his disability.

15.    These accommodations, which were substantiated by his Physician, included being provided extra assistance regarding complex cases in order to assist Plaintiff with his memory and cognitive processing difficulties.

16.   Defendant's Managers failed to engage Plaintiff an interactive discussion concerning his accommodation request, and instead, issued him disciplinary actions which included a performance improvement plan.

17.   After requesting reasonable accommodations, Plaintiff was also treated with hostility and in a confrontational manner by his managers.

18.   As a direct result of this harassing and discriminatory treatment, Plaintiff submitted a letter to Defendant's Employee Relations on October 3, 2023, setting forth his grievance concerning Defendant's failure to accommodate him and the discriminatory treatment he was experiencing.

19.   Defendant's Employee Relations acknowledged they would review his grievance, however did not reach out to Plaintiff investigate or address his concerns until November 29, 2023.

20.   Thereafter, on December 26, 2023, Plaintiff was notified by Maxine Johson that his claim could not be substantiated.

21.   Defendant failed to engage Plaintiff in any meaningful investigation of his Complaint and took no remedial action on his behalf otherwise.

22.   Two days later, on December 28, 2023, Plaintiff was terminated from his employment without any legitimate basis or reason.

23.   Plaintiff believes and therefore avers, that he was denied reasonable accommodation and terminated solely as a result of his disability and in retaliation for complaining about discrimination in the workplace, as foresaid.

## COUNT I
## (ADA/ADAA)
## Reasonable Accommodations

24.    Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein at length.

25.    The actions of Defendant, through its agents, servants and employees, in failing to accommodate the Plaintiff's disability, constituted a violation of the ADA and the ADAA.

26.    The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

27.    As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (ADA/ADAA)
## Disability Discrimination -Termination

28.    Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth herein at length.

29.    The actions of Defendant, through its agents, servants and employees, in terminating Plaintiff because of his disability constituted a violation of the ADA and the ADAA.

30.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

31.     As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### COUNT III
### (ADA/ADAA)
### Retaliation - Termination

32.     Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein at length.

33.     The actions of Defendant, through its agents, servants and employees, in terminating Plaintiff in retaliation for opposing disability discrimination constituted a violation of the ADA and the ADAA.

34.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

35.     As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA)
### Failure to Accommodate/Disability Discrimination/Retaliation

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as fully set forth at length herein.

37.     The actions of Defendant through its agents, servants and employees in denying Plaintiff reasonable accommodation and in terminating Plaintiff because disability and in retaliation for opposing discrimination, constituted a violation of the PHRA.

38.     The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of the PHRA.

39.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, the Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.  The Plaintiff also suffered humiliation, loss of self-esteem and emotional and psychological distress, as a result of the Defendant's unlawful actions, as aforesaid.

### PRAYER FOR RELIEF

40.     Plaintiff repeats the allegations of paragraph 1 through 39 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a)     Defendant compensate Plaintiff for the wages and other benefits

- 7 -

and emoluments of employment lost, because of their unlawful conduct;

       (b)    Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

       (c)    Defendant pay to Plaintiff punitive damages (ADA and ADAA), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

       (d)    The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By:_____
    KEVIN I. LOVITZ, ESQUIRE
    ID # 70184
    1650 Market Street, 36th Floor
    Philadelphia, PA 19103
    (215) 735-1996 Phone
    (215) 735-1515 Fax
    *Attorney for Plaintiff, Nicholas Kline*